IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DARIAN LANCE HOLMAN                                                                           PLAINTIFF

v.                                        CIVIL NO. 22-2132

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                                DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Darian Lance Holman, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current application for DIB on July 6, 2018, alleging an inability to work since June 28, 2018, due to nerve damage in the shoulder blade. (Tr. 326). An administrative telephonic hearing was held on May 13, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 128-142).

By written decision dated July 13, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found Plaintiff had the following severe impairments: right chronic long thoracic nerve injury or parsonage turner syndrome (brachial plexus disorder), depression, anxiety, post-

1

traumatic stress disorder and obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except occasional right reaching in all directions; simple routine repetitive tasks with few variables and little judgment required; supervision that is simple, direct and concrete; social interaction that is incidental to the work performed.

(Tr. 15-16). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a cotton classer aide, a shipping weigher and a produce sorter. (Tr. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on July 13, 2021. (Tr. 1-7). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs and the case is before the undersigned for report and recommendation. (ECF Nos. 11, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II.     Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply

because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *Id*.

**III.     Discussion:**

Plaintiff argues the following issues on appeal: A) The ALJ erred in failing to fully and fairly develop the record; B) the ALJ erred in assessing the credibility of Plaintiff's subjective complaints; and C) the ALJ erred in determining the RFC which was not supported by either examining or treating source opinion evidence.

The regulations provide that the Appeals Council must evaluate the entire record, including any new and material evidence that relates to the period before the date of the ALJ's decision. *See* 20 C.F.R. § 404.970(b). The newly submitted evidence thus becomes part of the "administrative record," even though the evidence was not originally included in the ALJ's record. *See Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir. 1992). If the Appeals Council finds that the ALJ's actions, findings, or conclusions are contrary to the weight of the evidence, including the new evidence, it will review the case. *See* 20 C.F.R. § 404.970(b). Here, the Appeals Council denied review, finding that the new evidence dated May 13, 2021, to July 13, 2021, did not show a reasonable probability that it would change the outcome of the decision; and the evidence dated July 15, 2021, through August 24, 2021, did not relate to the time period at issue. (Tr. 2). In these circumstances, the Court does not evaluate the Appeals Council's decision to deny review, but rather the Court determines whether the record as a whole, including the new evidence, supports the ALJ's determination. *See Kitts v. Apfel*, 204 F.3d 785, 786 (8th Cir. 2000) ("When the Appeals Council has considered new and material evidence and declined review, we must decide whether the ALJ's decision is supported by substantial evidence in the whole record, including the new evidence.").

In this case, the record revealed Plaintiff's on-going and consistent treatment for a right shoulder impairment. The new evidence submitted to the Appeals Council includes physical therapy treatment notes dated July 15, 2021, indicating Plaintiff continued to experience neck and

4

right shoulder tenderness, winging and instability of the scapula and weakness in the long thoracic nerve. (Tr. 57). On August 6, 2021, Plaintiff reported his shoulder had been "bothering him a lot lately," and he was unable to lift his shoulder with weight. (Tr. 63). Upon examination, the physical therapist noted Plaintiff had been unable to perform an exercise secondary to the inability to lift the shoulder with a two-pound ball. *Id*. On August 10, 2021, Plaintiff was found to have significant muscle spasms and tightness around the right scapula, and upper back and neck, along with significant weakness and winging. (Tr. 65). On August 17, 2021, and August 24, 2021, Plaintiff was found to have significant weakness and instability with extremely poor motor coordination in the upper back and right scapula area. (Tr. 67, 71). Had the ALJ had this medical evidence before her when making the decision in this case, the outcome may very well have been different. Accordingly, the Court believes that remand is necessary to allow the ALJ to consider this new evidence.

On remand, the ALJ is also directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

## IV.     Conclusion:

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and**

**recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of June 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE