IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DARIAN L. HOLMAN PLAINTIFF

v. CIVIL NO. 2:22-02132

KILOLO KIJAKAZI, Commissioner
Social Security Administration DEFENDANT

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Plaintiff, Darian Lance Holman, appealed the Commissioner's denial of benefits to this Court. On July 10, 2023, U.S. District Judge P.K. Holmes, III, adopted the undersigned's Report and Recommendation, remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (ECF Nos. 15 & 16).

**1. Background**

On August 9, 2023, Plaintiff filed a Motion seeking an award of attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"). (ECF No. 17). Defendant and Plaintiff filed a "Stipulation" on August 22, 2023, in which the parties agreed and stipulated that Plaintiff should be awarded fees in the amount of $6,500 and costs of $402. (ECF No. 19).

**2. Applicable Law**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The

[Commissioner] bears the burden of proving that its position in the administrative and judicial proceeding below was substantially justified.") An EAJA application must be made within thirty days of a final judgment in an action, *see* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day period for an appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhard,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refund[d] to the claimant the amount of the smaller fee." . . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.; see also Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* U.S.C. § 2412(d)(2)(A). A court is authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living and may thereby increase the attorney's rate per

hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). Pursuant to General Order 39[1], which references the CPI- South Index, the Court has determined that enhanced hourly rates based on a cost-of-living increase is appropriate.

**3. Discussion**

In the present action, Plaintiff's case was remanded to the Social Security Administration. (ECF No. 16). Defendant does not contest Plaintiff's claim that he is the prevailing party. The Court construes the parties' Stipulation as an admission that the Government's decision to deny benefits was not "substantially justified" and thus, Plaintiff is the prevailing party.

Plaintiff's Motion requests an award of fees in the amount of $6,911, seeking compensation for itemized legal work completed during 2022 at the hourly rate of $221 and during 2023 at an hourly rate of $236. Hourly rates are authorized by the EAJA so long as the CPI-South Index justifies this enhanced rate. *See* General Order 39; *see also* 28 U.S.C. § 2412(d)(2)(A) and *Johnson,* 919 F.2d at 504. Here, the Court finds the CPI-South Index authorized hourly rates of $221 during 2022 and $236 during 2023.

The parties have stipulated that Plaintiff should receive $6,500 in attorneys' fees, not the $6,911itemized in Plaintiff's Motion. There is no explanation of what particular hours were eliminated, although simple math reflects an agreed reduction of $411, less than (2) hours of work under either of the approved hourly rates. While the parties' Stipulation is non-binding and not

[1] Per General Order 39, the allowable rate for each year is as follows, and for simplicity's sake, the figure is rounded to the next dollar:

2022 – 269.263 x 125 divided by 152.4 (March 1996 CPI – South) = $220.85/hour ~ $221.
2023 – 288.205 x 125 divided by 152.4 (December 2022 CPI – South) = $236.39/hour ~ $236.

necessarily a practice the undersigned wishes to encourage, the Court observes that an independent review of the matter suggests that $6,500 in fees is reasonable under the circumstances. The Court recommends Plaintiff be awarded attorney's fees in the amount of $6,500 for work performed by his counsel during 2022-2023. Plaintiff is also entitled to recover his filing fee of $402 which is not paid as an expense under EAJA but instead should be paid from the Judgment Fund administered by the U.S. Treasury. *See* 28 U.S.C. § 2412(a). The Court recommends award of the filing fee as costs. 28 U.S.C. §1920.

The Court therefore recommends that Plaintiff's Motion for Attorney Fees (ECF No. 17) be **GRANTED,** and **Plaintiff awarded attorney's fees in the amount of $6,500.00, and costs of $402, for a total award of $6,902.00, which amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.** Pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), the EAJA award must be awarded to the "prevailing party" or the litigant. However, if Plaintiff has executed a valid assignment to Plaintiff's counsel of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's counsel. The parties are reminded that the EAJA award herein will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, to prevent a double recovery by counsel for Plaintiff.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the District Court.**

**RECOMMENDED** this 25th day of August 2023.

Christy Comstock
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE